**GREENBERG TRAURIG, LLP**
Philip R. Sellinger, Esq.
Roger B. Kaplan, Esq.
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey 07932-0677
(973) 360-7900
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CAREONE, LLC, a Delaware Limited Liability Company; BURRIS & STRAUS BEACH DEVELOPMENT/CRANMER, LLC, a New Jersey Limited Liability Company; and BURRIS & STRAUS BEACH DEVELOPERS, LLC, a New Jersey Limited Liability Company, | : : : : : : : | Civil Action No. _____ |
| Plaintiffs, | : : | |
| *vs.* | : : | **COMPLAINT AND JURY DEMAND** |
| WILLIAM G. BURRIS, JR.; LINDA BURRIS; LINDA BURRIS INC.; JOSEPH FOY; NANCY DEANGELIS; ROBERT HEILER; DANIEL BOSSI; RICHARD PULASKI; ROLAND BORGLUND and DAVID YEAGER, | : : : : : : | |
| Defendants. | : : | |

CareOne, LLC ("CareOne"), Burris & Straus Beach Development/Cranmer, LLC ("Burris & Straus-Cranmer") and Burris & Straus Beach Developers, LLC ("Burris & Straus-Developers")(collectively "Burris & Straus," and the three plaintiffs collectively referred to as the "CareOne Companies"), by their undersigned counsel, as and for their Complaint against defendants William G. Burris, Jr. ("Burris"), Linda Burris (Linda Burris"), Linda Burris, Inc., Joseph Foy ("Foy"), Nancy DeAngelis ("DeAngelis"), Robert Heiler ("Heiler"), Daniel Bossi ("Bossi"), Richard Pulaski ("Pulaski"), Roland Borglund ("Borglund") and David Yeager ("Yeager"), state and allege the following:

## NATURE OF THE CASE

1.      This is an action for treble damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961-1964, arising from a long-continuing pattern of mail fraud and wire fraud committed by defendant Burris, his wife Linda Burris, and the other defendants, resulting in the loss of millions of dollars by the CareOne Companies. As set forth below, the subject of this action is plaintiffs' claims for damages and treble-damages as the result of a long-continuing pattern of fraudulent and inflated invoices submitted to plaintiffs by vendors who are defendants herein, arising from a kickback scheme between and among those vendor defendants and defendants Burris and his wife. While this action concerns, and asserts claims for damages arising from, those fraudulent and inflated invoices, there is other wrongful conduct alleged herein which, although supporting plaintiffs' claims, is the subject of the claims for relief in another action pending in New Jersey Superior Court, Bergen County, Chancery Division (the "Bergen Chancery Action"). *See* Plaintiffs' Certification Pursuant to L.Civ. R. 11.2.

2.      For nearly ten years, Burris was the Executive Vice President for Construction and Development of CareOne and a member of Burris & Straus performing the same functions for those entities.  As part of CareOne's and Burris & Straus' senior management team, Burris had significant control and influence over CareOne and Burris & Straus, as he directed their construction and development activities.  With respect to his position at CareOne, Burris was responsible for selecting and acquiring land and existing properties, and then designing, developing and converting that real estate into assisted living or healthcare facilities to be run by CareOne, its affiliates or subsidiaries.  Similarly, Burris selected and acquired land and existing properties on behalf of the Burris & Straus entities, and then designed, developed and converted that real estate for resale.

2

3.      Part of Burris' job responsibilities was the selection and hiring of vendors (such as electricians, framers, architects and other contractors) to perform construction work on the properties the CareOne Companies were converting.   Defendants DeAngelis, Heiler, Bossi, Pulaski, Borglund and Yeager (collectively, the "Vendor Defendants") were all senior officials of such vendors.  All allegations made in this Complaint with respect to the Vendor Defendants are made upon information and belief.

4.      However, Burris regularly used the Vendor Defendants for his own personal gain at the expense of the CareOne Companies by repeatedly conducting and participating in the conduct of the affairs of the CareOne Companies by conspiring to use, using, and causing numerous uses of, the United States mails and interstate wires, in violation of 18 U.S.C. §§1341 and 1343, to convert, steal and embezzle millions of dollars from the CareOne Companies over a ten year period of time, in concert with the other defendants.  These allegations are set forth in detail below, and are made upon information and belief based on the factual support outlined in Paragraphs 25 to 29, which describes Plaintiffs' good faith basis upon which such allegations are made.

5.      Specifically, upon information and belief, Burris abused his senior management position at the CareOne Companies by conducting the affairs of the CareOne Companies to pressure and obtain kickbacks from the Vendor Defendants in exchange for dispensing with competitive bidding resulting in the Vendor Defendants submitting padded and excessive invoices to the CareOne Companies which were, as a result, false and fraudulent.  As a result, these invoices greatly exceeded the actual value of the work performed.  Thus, on numerous occasions over the course of ten years, the Vendor Defendants submitted false and fraudulent invoices to the CareOne Companies.  In return for his kickbacks, Burris, with the assistance of

3

another CareOne employee, defendant Joseph Foy, would approve these invoices, arrange for payment of the fraudulent invoices by the CareOne Companies, and affirmatively conceal the no-bid, kickback scheme from the principal of the CareOne Companies.

6.     By March 4, 2009, the CareOne Companies had uncovered substantial wrongdoing by Burris unrelated to this fraudulent invoice scheme and terminated him for cause. At that time, the Care One Companies suspected Burris was receiving kickbacks but only recently discovered and became aware of evidence of Burris' schemes, artifices and conspiracies to defraud.  Before his termination, Burris conspired with the other Defendants to fraudulently conceal this fraudulent invoice scheme from the CareOne Companies.   Such fraudulent concealment was accomplished, by Burris and Foy instructing the construction department at CareOne to conceal the fact (from the principal of CareOne) that the projects awarded to the Vendor Defendants (as opposed to those projects performed by other vendors) were not awarded pursuant to competitive bidding.  Because this scheme was the product of an ongoing conspiracy and was affirmatively and fraudulently concealed by the defendants, the applicable statute of limitations was tolled until the CareOne Companies' recent discovery of these improper acts.

<u>JURISDICTION AND VENUE</u>

7.     This Court has federal question jurisdiction over the subject matter of this case, pursuant to Section 4 of the RICO Act, 18 U.S.C. §§1961-1964, and 28 U.S.C. §1331.

8.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367, over the CareOne Companies' claims for fraud, conversion, civil conspiracy, fraudulent conversion, and related claims under the laws of the State of New Jersey.

9.     Venue properly lies in this District, pursuant to 28 U.S.C. §1391, because plaintiffs are residents of New Jersey; and the events, circumstances and occurrences which give

rise to the CareOne Companies' claims occurred substantially in New Jersey.

## THE PARTIES AND DEFENDANTS' SCHEME AND ARTIFICE TO DEFRAUD

10.     Plaintiff CareOne is a family owned Delaware limited liability company with its principal place of business in Fort Lee, New Jersey.  CareOne, through it subsidiaries, affiliates and/or related entities, is in the business of owning, operating and managing skilled nursing homes, assisted living centers and a Long-Term Acute Care Hospital with approximately 3,500 licensed beds in the State of New Jersey.  Through subsidiaries, CareOne also controls other properties throughout the State of New Jersey (and in eight other states) that it operates, manages or intends to develop and/or convert into assisted living or healthcare facilities to be run by CareOne or one of its affiliates or subsidiaries. CareOne purchases goods and merchandise in, and substantially affecting, interstate trade and commerce.

11.     Plaintiff Burris & Straus-Cranmer is a New Jersey limited liability company with its principal place of business in Fort Lee, New Jersey, whose activities were in or substantially affect interstate trade and commerce.  Burris & Straus-Cranmer was formed in 2003 for the purpose of acquiring and developing a former lumber yard site in Beach Haven, New Jersey and is owned 50% by Daniel E. Straus (the founder and Managing Member of CareOne) and 50% by defendant Burris.

12.     Plaintiff Burris & Straus-Developers is a New Jersey limited liability company with a principal place of business in Fort Lee, New Jersey, whose activities are in or substantially affect interstate trade and commerce.  Burris & Straus-Developers is owned 50% by Mr. Straus and 50% by defendant Burris.

13.     Defendant Burris is a New Jersey resident and a former Executive Vice President for Construction and Development of CareOne, and performed the same function as a 50%

5

member of the Burris & Straus entities.  As discussed in detail below, for his own personal gain and at the expense of the CareOne Companies, over a ten year period Burris operated, conducted and participated in the conduct of the affairs of the CareOne Companies by repeatedly conspiring to use, using and causing the use of the United States mails and interstate wires in violation of 18 U.S.C. §§1341 and 1343, to convert, steal and embezzle millions of dollars from the CareOne Companies, in concert and conspiracy with the other Defendants.

14.     Specifically, Burris used his position at the CareOne Companies to obtain kickbacks from the Vendor Defendants in exchange for dispensing with competitive bidding and pressuring the Vendor Defendants to submit false and fraudulent invoices to the CareOne Companies that greatly exceeded the actual value of the work performed.  Thus, on numerous occasions over a ten year period, the Vendor Defendants, in conspiracy with Burris, his wife and Foy, submitted false and fraudulent invoices to the CareOne Companies.  In return for these kickbacks, Burris approved the excessive and fraudulent invoices and, with the help of Foy, arranged for payment of those invoices by the CareOne Companies, resulting in the fraudulent use of the mails and interstate wires.

15.     Defendant Linda Burris is a New Jersey resident and the wife of Burris.  Linda Burris is the President of defendant Linda Burris, Inc., a New Jersey corporation with a principal place of business in New Jersey, whose activities are in or substantially affected interstate trade and commerce.  Upon information and belief, Linda Burris, Inc., is an entity used by Burris and Linda Burris to maintain Burris family assets, including assets obtained, used and invested as a result of Burris' fraudulent activities, which are alleged herein.  Burris and Linda Burris conducted and participated in the conduct of the affairs of Linda Burris, Inc., through numerous and ongoing violations of 18 U.S.C. §§1341 and 1343, and invested and used, directly and

6

indirectly, the proceeds of such mail and wire fraud in, and in the operations of, Linda Burris, Inc.

16.     Upon Information and belief, Immobiliare, LLC ("Immoabilaire"), is a New Jersey limited liability company owned and controlled by Burris, whose activities were in or substantially affected interstate trade and commence.  Upon information and belief, Immobiliare is an entity used by Burris to maintain Burris family assets, including assets obtained, used and invested as a result of Burris' fraudulent activities. Burris conducted the affairs and participated in the conduct of the affairs of Immobiliare through numerous and ongoing violations of 18 U.S.C. §§1341 and 1343, and invested and used, directly and indirectly, the proceeds of such mail and wire fraud in, and in the operations of, Immobiliare.

17.     Upon information and belief, Prestatori-Immobiliare, LLC ("Prestatori-Immobiliare"), is a New Jersey limited liability company owned and controlled by Burris, with its principal place of business in New Jersey, whose activities were in or substantially affected interstate trade and commence. Upon information and belief, Prestatori-Immobiliare is an entity used by Burris to maintain Burris family assets, including assets obtained, used and invested as a result of Burris' fraudulent activities. Burris conducted the affairs and participated in the conduct of the affairs of Prestatori-Immobiliare through numerous and ongoing violations of 18 U.S.C. §§1341 and 1343, and invested and used, directly and indirectly, the proceeds of such mail and wire fraud in, and in the operations of, Prestatori-Immobiliare.

18.     Defendant Foy is a New Jersey resident, and former senior employee of CareOne employed by Burris in the Construction & Development Department.  Foy assisted and conspired with Burris, Linda Burris, Burris family entities and the Vendor Defendants, in the submission of the Vendors' false and fraudulent invoices to the CareOne Companies for work performed at an

inflated and excessive, non-competitive price as a result of Burris' kickback scheme.  As such, Foy committed and conspired to commit mail fraud in violation of 18 U.S.C. §1341 and wire fraud in violation of 18 U.S.C. §1343, and conspired with, aided, abetted and facilitated Burris and other Defendants in their fraudulent schemes and artifices.

19.     Defendant Nancy DeAngelis is a New Jersey resident and the sister of Burris. DeAngelis is an owner of DeAngelis Builders, LLC, a New Jersey limited liability company, whose activities were in or substantially affected interstate trade and commerce.  At Burris' direction to Day Electrical's principal, DeAngelis was also employed in a bookkeeping position by Day Electrical, a Delaware corporation with a principal place of business in New Jersey that was formed specifically at Burris's direction for the purpose of performing work on CareOne projects, and whose activities were in or substantially affected interstate trade and commerce. Burris demanded kickbacks from DeAngelis as part of a scheme to eliminate competitive bidding, and DeAngelis provided such kickbacks to Burris by submitting to Care One on behalf of Day Electric and others false and fraudulent invoices.  As a result, DeAngelis conspired with Burris to conduct and to participate in conducting the affairs of the CareOne Companies, DeAngelis Builders and Day Electrical through the pattern of mail and wire fraud arising from Burris' false and fraudulent invoice scheme. At Burris's direction, DeAngelis was also employed by Heiler to perform the same function as she did for Day Electrical.

20.     Defendant Heiler is a New Jersey resident and an owner of Striper Mechanical, a New York corporation, whose activities were in or substantially affected interstate trade and commerce.  Heiler is also an owner of RNR Mechanical, a New Jersey corporation that was formed at Burris's direction specifically for the purpose of performing work on CareOne projects, and whose activities were in or substantially affected interstate trade and commerce.

Heiler was also associated in a management position with Main Line Mechanical, a Delaware corporation that conducted projects for CareOne in the State of New Jersey, and whose activities were in or substantially affected interstate trade and commerce.  Burris demanded kickbacks from Heiler as part of a scheme to eliminate competitive bidding, and Heiler provided such kickbacks to Burris.  As a result, Heiler conspired with Burris to conduct and to participate in the conduct of the affairs of the CareOne Companies, Striper Mechanical, RNR Mechanical and Main Line Mechanical through the pattern of mail and wire fraud arising from Burris' false and fraudulent invoice scheme.

21. Defendant Bossi is a New Jersey resident and an owner of Extreme Construction, a New Jersey corporation that was formed specifically for the purpose of performing work on CareOne projects, and whose activities were in or substantially affected interstate trade and commerce.  Burris demanded kickbacks from Bossi as part of a scheme to eliminate competitive bidding, and Bossi provided such kickbacks to Burris.  As a result, Bossi conspired with Burris to conduct and to participate in the conduct of the affairs of the CareOne Companies and Extreme Construction through the pattern of mail and wire fraud arising from Burris' false and fraudulent invoice scheme.

22. Defendant Pulaski is a New Jersey resident, and an owner and president of Pulaski Construction Inc., a New Jersey corporation, whose activities were in or substantially affected interstate trade and commerce.  Burris demanded kickbacks from Pulaski as part of a scheme to eliminate competitive bidding, and Pulaski provided such kickbacks to Burris.  As a result, Pulaski conspired with Burris to conduct and to participate in the conduct of the affairs of the CareOne Companies and Pulaski Construction through the pattern of mail and wire fraud arising from Burris' false and fraudulent invoice scheme.

23.     Defendant Borglund is a Florida Resident and an owner, Manager and President of Borglund Associates, LLC, f/k/a Borglund Tyson, LLC, f/k/a Borglund Tyson Brasseur, LLC, a Florida Limited Liability Company that has conducted substantial business over the course of approximately ten years in the State of New Jersey, whose activities were in or substantially affected interstate trade and commerce.  Borglund was also owner of Tektonica Design Inc., a Florida corporation administratively dissolved in 2004 for failure to file its annual reports and whose activities were in or substantially affected interstate trade and commerce. Burris demanded kickbacks from Borglund as part of a scheme to eliminate competitive bidding, and Borglund provided such kickbacks to Burris.  As a result, Borglund conspired with Burris to conduct and to participate in the conduct of the affairs of the CareOne Companies and Borglund Associates through the pattern of mail and wire fraud arising from Burris false and fraudulent invoice scheme.

24.     Defendant Yaeger is a New Jersey resident and an owner and President of Day Electrical, a New Jersey corporation that was formed specifically for the purpose of performing work on CareOne projects, and whose activities were in or substantially affected interstate trade and commerce.  Burris demanded kickbacks from Yaeger as part of a scheme to eliminate competitive bidding, and Yaeger provided such kickbacks to Burris.  As a result, Yaeger conspired with Burris to conduct and to participate in the conduct of the affairs of the CareOne Companies and Day Electrical through the pattern of mail and wire fraud arising from Burris' false and fraudulent invoice scheme.

**FACTS FORMING THE GOOD FAITH BASIS FOR PLAINTIFFS' ALLEGATIONS**

25.     Although the Defendants have denied any kickback scheme, Plaintiffs' good faith basis for alleging such a scheme is set forth herein.

26.     In 2009, after suspecting that Burris obtained kickbacks, perks and other personal benefits from his preferred vendors, the CareOne Companies (with the assistance of counsel) initiated an investigation into Burris' conduct.  That investigation reveals evidence of Burris' kickback scheme and forms the good faith basis for this Complaint.

27.     For example, a confidential witness (CW-1) continues to provide the CareOne Companies with details of Burris' kickback scheme, including specific instances when Burris instructed his subordinates to conceal from the CareOne Companies that, competitive bids were usually not required from the Vendor Defendants.

28.      Moreover, another confidential witness (CW-2), who was directly involved in construction projects for the CareOne Companies that were managed by Burris,  identified various individuals involved in the kickback scheme and also confirmed that Burris demanded cash payments from certain vendors in return for awarding them non-bidding construction contracts.

29.     Additionally, during his nonparty deposition in another lawsuit, defendant Yeager revealed that, during the time Burris awarded non-bidding construction contracts to Yeager's electrical contracting company on behalf of the CareOne Companies, Burris (through defendant Linda Burris) owned 50% of Yeager's company, and used the assets of that company (comprised almost exclusively of payments made by the CareOne Companies) to pay personal expenses. Yeager also admitted Burris made many of the business decisions for that vendor, including hiring and compensation decisions. As noted in Paragraph 1, above, other than supporting plaintiffs' claims arising out of, and relating to, the fraudulent and inflated invoices submitted by Yeager and his company, the conduct alleged in this paragraph is not the subject of this action, but, rather, is the subject of the claims asserted, and pending, in the Bergen Chancery Action.

30.     Further, another confidential witness (CW-3) has stated that Burris used the CareOne Companies' employees and vendors to perform work on his Moorestown, New Jersey mansion, his boat and his other properties, and submitted invoices, costs and/or expenses of the work performed to the CareOne Companies for payment.  The same source advised that Foy used the CareOne Companies' assets to pay for work for Foy's personal benefit.  This investigation also revealed that Burris opened a secret, unauthorized Burris & Straus bank account to divert income from Burris & Straus development projects away from Burris' other partner.  As noted in Paragraph 1, above, other than supporting plaintiffs' claims arising out of, and relating to, the fraudulent and inflated invoices submitted by Yeager and his company, the conduct alleged in this paragraph is not the subject of this action, but, rather, is the subject of the claims asserted, and pending, in the Bergen Chancery Action.

**DEFENDANTS' ONGOING AND CONTINUING PATTERN OF RACKETEERING ACTIVITY INVOLVING MAIL FRAUD AND WIRE FRAUD ARISING FROM THE FRAUDULENT INVOICE SCHEME**

31.     In concert with the other Defendants, Burris conducted and participated in the conduct of the affairs of the CareOne Companies by conspiring to use, using, and causing numerous uses of, the United States mails and interstate wires in violation of 18 U.S.C. §§1341 and 1343 to convert, steal and embezzle millions of dollars from the CareOne Companies.  Specifically, plaintiffs allege that Burris used his senior management position at the CareOne Companies to obtain kickbacks from the Vendor Defendants in exchange for the Vendor Defendants not being required to bid on projects and submitting false and fraudulent invoices to the CareOne Companies.

32.     Thus, on numerous occasions over the course of ten years, plaintiffs allege that the Vendor Defendants submitted false and fraudulent invoices to the CareOne Companies.  In

12

return for his kickbacks, Burris, with the participation of Foy, would operate and conduct the affairs of the CareOne Companies by approving these invoices and facilitating payment of the fraudulent invoices by the CareOne Companies, and by concealing the no-bid, kickback scheme.

33.     In violation of 18 U.S.C. §§1341 and 1343, each of these invoices was submitted using the United States mails or interstate wires, and were paid pursuant to checks and/or wire transfers where the checks were transmitted through the mails and cleared through the mails or interstate wires, and each wire transfer payment resulted in the use of the interstate wires.

34.      As such, each and every fraudulent invoice and payment resulted in an unlawful use of the mails and wires in violation of 18 U.S.C. §§1341 and 1343, and are specifically identified below and in the schedules attached as exhibits hereto.

    **A.**    **The Heiler, Striper Mechanical, RNR Mechanical and Main Line Mechanical Pattern of Fraudulent Invoices and Payments**

35.     Upon information and belief, Burris demanded and received kickbacks from Heiler as part of a scheme to eliminate competitive bidding, and in return, permitted Heiler to conduct the affairs of Striper Mechanical, RNR Mechanical and Main Line Mechanical by submitting false and fraudulent invoices to the CareOne Companies.  These invoices were for work performed at an inflated price, made possible by the lack of competitive bidding and the kickbacks to Burris.

36.     A listing of these false and fraudulent invoices, and the corresponding payments from the CareOne Companies, is attached hereto as Exhibit A.  Each one of the transactions listed in Exhibit A caused or resulted in the use of mails or the interstate wires in violation of 18 U.S.C. §§1341 and 1343.

**B.     The Bossi and Extreme Construction Pattern
of Fraudulent Invoices and Payments**

37.     Upon information and belief, Burris demanded and received kickbacks from Bossi as part of a scheme to eliminate competitive bidding, and in return, permitted Bossi to conduct the affairs of Extreme Construction by submitting false and fraudulent invoices to the CareOne Companies.   These invoices were for work performed at an inflated price, made possible by the lack of competitive bidding and the kickbacks to Burris.

38.     A listing of these false and fraudulent invoices, and the corresponding payments from the CareOne Companies, is attached hereto as Exhibit B.   Each one of the transactions listed in Exhibit B caused or resulted in the use of mails or the interstate wires in violation of 18 U.S.C. §§1341 and 1343.

**C.     The Pulaski and Pulaski Construction
Pattern of Fraudulent Invoices and Payments**

39.     Upon information and belief, Burris demanded and received kickbacks from Pulaski as part of a scheme to eliminate competitive bidding, and in return, permitted Pulaski to conduct the affairs of Pulaski Construction by submitting false and fraudulent invoices to the CareOne Companies.   These invoices were for work performed at an inflated price, made possible by the lack of competitive bidding and the kickbacks to Burris.

40.     A listing of these false and fraudulent invoices, and the corresponding payments from the CareOne Companies, is attached hereto as Exhibit C.   Each one of the transactions listed in Exhibit C caused or resulted in the use of mails or the interstate wires in violation of 18 U.S.C. §§1341 and 1343.

**D.    The Yeager, DeAngelis and Day Electrical**
<u>**Pattern of Fraudulent Invoices and Payments**</u>

41.    Upon information and belief, Burris demanded and received kickbacks from Yeager and DeAngelis as part of a scheme to eliminate competitive bidding, and in return, permitted Yeager and DeAngelis to conduct the affairs of Day Electrical by submitting false and fraudulent invoices to the CareOne Companies.  These invoices were for work performed at an inflated price, made possible by the lack of competitive bidding and the kickbacks to Burris.

42.    A listing of these false and fraudulent invoices, and the corresponding payments from the CareOne Companies, is attached hereto as Exhibit D.  Each one of the transactions listed in Exhibit D caused or resulted in the use of mails or the interstate wires in violation of 18 U.S.C. §§1341 and 1343.

**E.    The DeAngelis and DeAngelis Builders**
<u>**Pattern of Fraudulent Invoices and Payments**</u>

43.    Upon information and belief, Burris demanded and received kickbacks from DeAngelis as part of a scheme to eliminate competitive bidding, and in return, permitted DeAngelis to conduct the affairs of DeAngelis Builders by submitting false and fraudulent invoices to the CareOne Companies.  These invoices were for work performed at an inflated price, made possible by the lack of competitive bidding and the kickbacks to Burris.

44.    A listing of these false and fraudulent invoices, and the corresponding payments from the CareOne Companies, is attached hereto as Exhibit E.  Each one of the transactions listed in Exhibit E caused or resulted in the use of mails or the interstate wires in violation of 18 U.S.C. §§1341 and 1343.

F.    **The Borglund, Borglund Associates, LLC and Tektonica Design, Inc.**
      **Pattern of Fraudulent Invoices and Payments**

45.    Upon information and belief, Burris demanded and received kickbacks from Borglund as part of a scheme to eliminate competitive bidding, and in return, permitted Borglund to conduct the affairs of Borglund Associates, LLC and Tektonica Design, Inc. by submitting false and fraudulent invoices to the CareOne Companies.   These invoices were for work performed at an inflated price, made possible by the lack of competitive bidding and the kickbacks to Burris.

46.    A listing of these false and fraudulent invoices, and the corresponding payments from the CareOne Companies, is attached hereto as Exhibit F.  Each one of the transactions listed in Exhibit F caused or resulted in the use of mails or the interstate wires in violation of 18 U.S.C. §§1341 and 1343.

**COUNT I**
**(RICO §1962(c) - The CareOne Enterprise)**

47.    Plaintiffs repeat and reallege paragraphs 1 through 43, above, as though set forth in full herein.

48.    Defendants Burris and Foy are each "persons" within the meaning of 18 U.S.C. §1961(3) who were "employed by" and "associated with" CareOne within the meaning of 18 U.S.C. §1962(c).

49.    CareOne is an "enterprise" within the meaning of 18 U.S.C. §1961(4) whose activities are in, or substantially affect, interstate trade and commerce.

50.    As set forth above and in Exhibits A-F, Burris and Foy used, and caused numerous uses of, the United States mails and interstate wires, including, but not limited to, the

transmission therein of false invoices, checks, and wires, in furtherance and as a result of the schemes and artifices to defraud, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343.  Each of these violations constitutes "racketeering activity" within the meaning of 18 U.S.C. §1961(1).

51.     As set forth above and in Exhibits A-F, Burris and Foy engaged in a "pattern of racketeering" because:  (a) said crimes and illegal acts bore a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission, and all of which related to Burris' fraudulent misuse of his position at the CareOne; and (b) they were continuing in nature in that they continued for a substantial period of time and threatened to continue indefinitely until Burris was terminated in March 2009.

52.     In violation of 18 U.S.C. §1962(c), Burris and Foy conducted and participated, directly and indirectly, in the conduct of the affairs of the CareOne enterprise through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5).

53.     As a result of this violation of 18 U.S.C. §1962(c), CareOne has been injured in its business and its property.

## COUNT II
### (RICO §1962(d) - The CareOne Enterprise)

54.     Plaintiffs repeat and reallege paragraphs 1 through 50, above, as though set forth in full herein.

55.     Defendants Linda Burris, DeAngelis, Heiler, Bossi, Pulaski, Borglund, Yeager, and Linda Burris, Inc are all "persons" within the meaning of 18 U.S.C. §1961(3).

56.     In violation of 18 U.S.C. §1962(d), defendants Linda Burris, DeAngelis, Heiler, Bossi, Pulaski, Borglund, Yeager, and Linda Burris, Inc. conspired among themselves and with

Burris and Foy to conduct and participate in the conduct of the affairs of CareOne through a "pattern of racketeering" violation of 18 U.S.C. §1962(c).

57.    As a result of this violation of 18 U.S.C. §1962(d), CareOne has been injured in its business and its property.

## COUNT III
### (RICO §1962(c) - The Burris & Straus Enterprises)

58.    Plaintiffs repeat and reallege paragraphs 1 through 54, above, as though set forth in full herein.

59.    Defendant Burris is a "person" within the meaning of 18 U.S.C. §1961(3) who was "employed by" and "associated with" the Burris & Straus entities within the meaning of 18 U.S.C. §1962(c).

60.     The Burris & Straus entities are "enterprises" within the meaning of 18 U.S.C. §1961(4) whose activities are in, or substantially affect, interstate trade and commerce.

61.    As set forth above and in Exhibits A-F, Burris used, and caused numerous uses of, the United States mails and interstate wires, including, but not limited to, the transmission therein of false invoices, checks, and wires, in furtherance and as a result of the schemes and artifices to defraud, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343.   Each of these violations constitutes "racketeering activity" within the meaning of 18 U.S.C. §1961(1).

62.    As set forth above and in Exhibits A-F, Burris engaged in a "pattern of racketeering" because:  (a) said crimes and illegal acts bore a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission, and all of which related to Burris' fraudulent misuse of his position at the Burris &

18

Straus entities; and (b) they were continuing in nature in that they continued for a substantial period of time and threatened to continue indefinitely until Burris was terminated in March 2009.

63.     In violation of 18 U.S.C. §1962(c), Burris conducted and participated, directly and indirectly, in the conduct of the affairs of the Burris & Straus enterprises through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5).

64.     As a result of this violation of 18 U.S.C. §1962(c), the Burris & Straus entities have been injured in their business and property.

<b>COUNT IV</b><br><b>(RICO §1962(d) - The Burris & Straus Enterprises)</b>

65.     Plaintiffs repeat and reallege paragraphs 1 through 61, above, as though set forth in full herein.

66.     In violation of 18 U.S.C. §1962(d), defendants Linda Burris, DeAngelis, Heiler, Bossi, Pulaski, Borglund, Yeager and Linda Burris, Inc. conspired among themselves and with Burris to conduct and participate in the conduct of the affairs of the Burris & Straus enterprises through a "pattern of racketeering" and in violation of 18 U.S.C. §1962(c).

67.     As a result of this violation of 18 U.S.C. §1962(d), the Burris & Straus entities have been injured in their businesses and property.

<b>COUNT V</b><br><b>(RICO §1962(a) - The Linda Burris, Inc.,</b><br><b>Immobiliare and Prestatori Immobiliare Enterprises)</b>

68.     Plaintiffs repeat and reallege paragraphs 1 through 64, above, as though set forth in full herein.

69.     Defendants Burris and Linda Burris are "persons" within the meaning of 18 U.S.C. §1961(3).

19

70.     Linda Burris, Inc., Immobiliare, LLC, and Prestatori Immobiliare, LLC, are "enterprises" within the meaning of 18 U.S.C. §1961(4) whose activities are in, or substantially affect, interstate trade and commerce.

71.     As set forth above and in Exhibits A-F, Burris used, and caused numerous uses of, the United States mails and interstate wires, including, but not limited to, the transmission therein of false invoices, checks, and wires, in furtherance and as a result of the schemes and artifices to defraud, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343.  Each of these violations constitutes "racketeering activity" within the meaning of 18 U.S.C. §1961(1).

72.     As set forth above and in Exhibits A-F, Burris and Linda Burris engaged in a "pattern of racketeering" because: (a) said crimes and illegal acts bore a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission, and all of which related to Burris' fraudulent misuse of his position at the CareOne Companies; and (b) they were continuing in nature in that they continued for a substantial period of time and threatened to continue indefinitely until Burris was terminated in March 2009.

73.     In violation of 18 U.S.C. §1962(a), Burris and Linda Burris received income derived, directly or indirectly, from this pattern of racketeering activity, and used or invested, directly or indirectly, a such income or the proceeds of such income, to acquire an interest in, establish and/or operate Linda Burris, Inc., Immobiliare, LLC, and Prestatori Immobiliare, LLC.

74.     As a result of this violation of 18 U.S.C. §1962(a), the CareOne Companies have been injured in their businesses and property.

## COUNT VI
### (RICO §1962(c) - The Linda Burris, Inc.,
### Immobiliare, and Prestatori Immobiliare Enterprises)

75.     Plaintiffs repeat and reallege paragraphs 1 through 71, above, as though set forth in full herein.

76.     Defendants Burris and Linda Burris are "persons" within the meaning of 18 U.S.C. §1961(3) who were "employed by" and/or "associated with" Linda Burris, Inc., Immobiliare, LLC, and Prestatori Immobiliare, LLC, within the meaning of 18 U.S.C. §1962(c).

77.     In violation of 18 U.S.C. §1962(c), Burris and Linda Burris conducted and participated, directly and indirectly, in the conduct of the affairs of Linda Burris, Inc., Immobiliare, LLC, and Prestatori Immobiliare, LLC, through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5).

78.     As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

## COUNT VII
### (RICO §1962(d) - The Linda Burris, Inc.,
### Immobiliare and Prestatori Immobiliare Enterprises)

79.     Plaintiffs repeat and reallege paragraphs 1 through 75, above, as though set forth in full herein.

80.     In violation of 18 U.S.C. §1962(d), defendants Foy, DeAngelis, Heiler, Bossi, Pulaski, Borglund and Yeager directly and indirectly, conspired among themselves and with Burris and Linda Burris to obtain income derived, directly or indirectly, from this pattern of racketeering activity, and used or invested, directly or indirectly, a portion of such income, to acquire an interest in, establish, or operate the Linda Burris, Inc., Immobiliare, LLC, and

21

Prestatori Immobiliare, LCC, enterprises in violation of 18 U.S.C. §1962(a).

81.     In violation of 18 U.S.C. §1962(d), Defendants Foy, DeAngelis, Heiler, Bossi, Pulaski, Borglund and Yeager directly and indirectly, conspired among themselves and with defendants Burris and Linda Burris to conduct and participate in the conduct of the affairs of the Linda Burris, Inc., Immobiliare and Prestatori Immobiliare enterprises through a "pattern of racketeering" in violation of 18 U.S.C. §1962(c).

82.     As a result of these violations of 18 U.S.C. §1962(d), the CareOne Companies have been injured in their businesses and property.

**COUNT VIII**
**(RICO §1962(c) - Striper Mechanical, RNR**
**Mechanical and Main Line Mechanical Enterprises)**

83.     Plaintiffs repeat and reallege paragraphs 1 through 79, above, as though set forth in full herein.

84.     Defendant Heiler is a "person" within the meaning of 18 U.S.C. §1961(3) and, as owner and president of Striper Mechanical, RNR Mechanical, and Main Line Mechanical, was "employed by" and "associated with" Striper Mechanical, RNR Mechanical and Main Line Mechanical within the meaning of 18 U.S.C. §1962(c).

85.     Striper Mechanical, RNR Mechanical and Main Line Mechanical are "enterprises" within the meaning of 18 U.S.C. §1961(4) whose activities are in, or substantially affect, interstate trade and commerce.

86.     As set forth above and in Exhibit A, Heiler used, and caused numerous uses of, the United States mails and interstate wires, including, but not limited to, the transmission therein of false invoices, checks, and wires, in furtherance and as a result of the schemes and

artifices to defraud, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343. Each of these violations constitutes "racketeering activity" within the meaning of 18 U.S.C. §1961(1).

87.     Heiler engaged in a "pattern of racketeering" because: (a) said crimes and illegal acts bore a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission, and all of which related to Burris' fraudulent misuse of his position at the CareOne Companies; and (b) they were continuing in nature in that they continued for a substantial period of time and threatened to continue indefinitely until Burris was terminated in March 2009.

88.     In violation of 18 U.S.C. §1962(c), Heiler conducted and participated, directly and indirectly, in the conduct of the affairs of Striper Mechanical, RNR Mechanical and Main Line Mechanical through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5).

89.     As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

## COUNT IX
### (RICO §1962(d) - RNR Mechanical and Main Line Mechanical Enterprises)

90.     Plaintiffs repeat and reallege paragraphs 1 through 86, above, as though set forth in full herein.

91.     In violation of 18 U.S.C. §1962(d), defendants Burris, Linda Burris, Foy and Linda Burris, Inc. conspired among themselves and with Heiler to conduct and participate in the conduct of the affairs of Striper Mechanical, RNR Mechanical and Main Line Mechanical through a "pattern of racketeering" in violation of 18 U.S.C. §1962(c).

92.     As a result of this violation of 18 U.S.C. §1962(d), the CareOne Companies have been injured in its businesses and its property.

23

## COUNT X
## (RICO §1962(c) - The Extreme Construction Enterprise)

93.     Plaintiffs repeat and reallege paragraphs 1 through 89, above, as though set forth in full herein.

94.     Defendant Bossi is a "person" within the meaning of 18 U.S.C. §1961(3), and, as owner and president of Extreme Construction, was "employed by" and "associated with" Extreme Construction within the meaning of 18 U.S.C. §1962(c).

95.      Extreme Construction is an "enterprise" within the meaning of 18 U.S.C. §1961(4) whose activities are in, or substantially affect, interstate trade and commerce.

96.     As set forth above and in Exhibit B, Bossi used, and caused numerous uses of, the United States mails and interstate wires, including, but not limited to, the transmission therein of false invoices, checks, and wires, in furtherance and as a result of the schemes and artifices to defraud, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343.   Each of these violations constitutes "racketeering activity" within the meaning of 18 U.S.C. §1961(1).

97.     Bossi engaged in a "pattern of racketeering" because:  (a) said crimes and illegal acts bore a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission, and all of which related to Burris' fraudulent misuse of his position at the CareOne Companies; and (b) they were continuing in nature in that they continued for a substantial period of time and threatened to continue indefinitely until Burris was terminated in March 2009.

98.     In violation of 18 U.S.C. §1962(c), Bossi conducted and participated, directly and indirectly, in the conduct of the affairs of Extreme Construction through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5).

24

99.     As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

## COUNT XI
### (RICO §1962(d) - The Extreme Construction Enterprise)

100.     Plaintiffs repeat and reallege paragraphs 1 through 96, above, as though set forth in full herein.

101.     In violation of 18 U.S.C. §1962(d), defendants Burris, Linda Burris, Foy and Linda Burris, Inc. conspired among themselves and with Bossi to conduct and participate in the conduct of the affairs of Extreme Construction through a "pattern of racketeering" in violation of 18 U.S.C. §1962(c).

102.     As a result of this violation of 18 U.S.C. §1962(d), the CareOne Companies have been injured in its businesses and its property.

## COUNT XII
### (RICO §1962(c) - Pulaski Construction Enterprise)

103.     Plaintiffs repeat and reallege paragraphs 1 through 99, above, as though set forth in full herein.

104.     Defendant Pulaski is a "person" within the meaning of 18 U.S.C. §1961(3), and, as owner and president of Pulaski Construction, was "employed by" and "associated with" Pulaski Construction within the meaning of 18 U.S.C. §1962(c).

105.      Pulaski Construction is an "enterprise" within the meaning of 18 U.S.C. §1961(4) whose activities are in, or substantially affect, interstate trade and commerce.

106.     As set forth above and in Exhibit C, Pulaski used, and caused numerous uses of, the United States mails and interstate wires, including, but not limited to, the transmission

therein of false invoices, checks, and wires, in furtherance and as a result of the schemes and artifices to defraud, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343.  Each of these violations constitutes "racketeering activity" within the meaning of 18 U.S.C. §1961(1).

107.    Pulaski engaged in a "pattern of racketeering" because:  (a) said crimes and illegal acts bore a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission, and all of which related to Burris' fraudulent misuse of his position at the CareOne Companies; and (b) they were continuing in nature in that they continued for a substantial period of time and threatened to continue indefinitely until Burris was terminated in March 2009.

108.    In violation of 18 U.S.C. §1962(c), Pulaski conducted and participated, directly and indirectly, in the conduct of the affairs of Pulaski Construction through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5).

109.    As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

## COUNT XIII
### (RICO §1962(d) - The Pulaski Construction Enterprise)

110.    Plaintiffs repeat and reallege paragraphs 1 through 106, above, as though set forth in full herein.

111.    In violation of 18 U.S.C. §1962(d), defendants Burris, Linda Burris, Foy and Linda Burris, Inc. conspired among themselves and with Pulaski to conduct and participate in the affairs of the Pulaski Construction enterprise through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5) and in violation of 18 U.S.C. §1962(c).

112.     As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

## COUNT XIV
### (RICO §1962(c) - The Day Electrical Enterprise)

113.     Plaintiffs repeat and reallege paragraphs 1 through 119, above, as though set forth in full herein.

114.     Defendants Yeager and DeAngelis are "persons" within the meaning of 18 U.S.C. §1961(3).

115.     As owner of Day Electrical, Yeager was "employed by" and "associated with" Day Electrical within the meaning of 18 U.S.C. §1962(c).   Defendant DeAngelis was also "employed by" and "associated with" Day Electrical within the meaning of 18 U.S.C. §1962(c).

116.     Day Electrical is an "enterprise" within the meaning of 18 U.S.C. §1961(4) whose activities are in, or substantially affect, interstate trade and commerce.

117.     As set forth above and in Exhibit D, Yeager and DeAngelis used, and caused numerous uses of, the United States mails and interstate wires, including, but not limited to, the transmission therein of false invoices, checks, and wires, in furtherance and as a result of the schemes and artifices to defraud, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343.  Each of these violations constitutes "racketeering activity" within the meaning of 18 U.S.C. §1961(1).

118.     Yeager & DeAngelis engaged in a "pattern of racketeering" because: (a) said crimes and illegal acts bore a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission, and all of which related to Burris' fraudulent misuse of his position at the CareOne Companies; and (b) they were

27

continuing in nature in that they continued for a substantial period of time and threatened to continue indefinitely until Burris was terminated in March 2009.

119.    In violation of 18 U.S.C. §1962(c), Yeager and DeAngelis conducted and participated, directly and indirectly, in the conduct of the affairs of Day Electrical through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5).

120.    As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

**COUNT XV**
**(RICO §1962(d) - The Day Electrical Enterprise)**

121.    Plaintiffs repeat and reallege paragraphs 1 through 127, above, as though set forth in full herein.

122.    In violation of 18 U.S.C. §1962(d), defendants Burris, Linda Burris, Foy and Linda Burris, Inc. conspired among themselves and with Yeager and DeAngelis to conduct and participate in the affairs of the Day Electrical enterprise through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5) and in violation of 18 U.S.C. §1962(c).

123.    As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

**COUNT XVI**
**(RICO §1962(c) - DeAngelis Builders Enterprise)**

124.    Plaintiffs repeat and reallege paragraphs 1 through 130, above, as though set forth in full herein.

125.    Defendant DeAngelis is a "person" within the meaning of 18 U.S.C. §1961(3).

126.    As owner of DeAngelis Builders, DeAngelis was "employed by" and "associated

with" DeAngelis Builders within the meaning of 18 U.S.C. §1962(c).

127.    DeAngelis Builders is an "enterprise" within the meaning of 18 U.S.C. §1961(4) whose activities are in, or substantially affect, interstate trade and commerce.

128.    As set forth above and in Exhibit E, DeAngelis used, and caused numerous uses of, the United States mails and interstate wires, including, but not limited to, the transmission therein of false invoices, checks, and wires, in furtherance and as a result of the schemes and artifices to defraud, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343.   Each of these violations constitutes "racketeering activity" within the meaning of 18 U.S.C. §1961(1).

129.    DeAngelis engaged in a "pattern of racketeering" because:  (a) said crimes and illegal acts bore a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission, and all of which related to Burris' fraudulent misuse of his position at the CareOne Companies; and (b) they were continuing in nature in that they continued for a substantial period of time and threatened to continue indefinitely until Burris was terminated in March 2009.

130.    In violation of 18 U.S.C. §1962(c), DeAngelis conducted and participated, directly and indirectly, in the conduct of the affairs of DeAngelis Builders through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5).

131.    As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

## COUNT XVII
### (RICO §1962(d) - The DeAngelis Builders Enterprise)

132.    Plaintiffs repeat and reallege paragraphs 1 through 138, above, as though set forth in full herein.

133.    In violation of 18 U.S.C. §1962(d), defendants Burris, Linda Burris, Foy and Linda Burris, Inc. conspired among themselves and with DeAngelis to conduct and participate in the affairs of the DeAngelis Builders enterprise through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5) and in violation of 18 U.S.C. §1962(c).

134.    As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

**COUNT XVIII**
**(RICO §1962(c) - Borglund Associates, LLC and Tektonica Design, Inc. Enterprises)**

135.    Plaintiffs repeat and reallege paragraphs 1 through 141, above, as though set forth in full herein.

136.    Defendant Borglund is a "person" within the meaning of 18 U.S.C. §1961(3).

137.    As owner of Borglund Associates, LLC and Tektonica Design, Inc., Borglund was "employed by" and "associated with" Borglund Associates, LLC and Tektonica Design, Inc. within the meaning of 18 U.S.C. §1962(c).

138.    Borglund Associates, LLC and Tektonica Design, Inc. are "enterprises" within the meaning of 18 U.S.C. §1961(4) whose activities are in, or substantially affect, interstate trade and commerce.

139.    As set forth above and in Exhibit F, Borglund used, and caused numerous uses of, the United States mails and interstate wires, including, but not limited to, the transmission therein of false invoices, checks, and wires, in furtherance and as a result of the schemes and artifices to defraud, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343.   Each of these violations constitutes "racketeering activity" within the meaning of 18 U.S.C. §1961(1).

140.    Borglund engaged in a "pattern of racketeering" because:  (a) said crimes and illegal acts bore a relationship to each other by reason of having similar objects, methods of commission, common victims, and similar means of transmission, and all of which related to Burris' fraudulent misuse of his position at the CareOne Companies; and (b) they were continuing in nature in that they continued for a substantial period of time and threatened to continue indefinitely until Burris was terminated in March 2009.

141.    In violation of 18 U.S.C. §1962(c), Borglund conducted and participated, directly and indirectly, in the conduct of the affairs of Borglund Associates, LLC and Tektonica Design, Inc. through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5).

142.    As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

## COUNT XIX
### (RICO §1962(d) - The Borglund Associates, LLC and Tektonica Design, Inc. Enterprises)

143.    Plaintiffs repeat and reallege paragraphs 1 through 149, above, as though set forth in full herein.

144.    In violation of 18 U.S.C. §1962(d), defendants Burris, Linda Burris, Foy and Linda Burris, Inc. conspired among themselves and with DeAngelis to conduct and participate in the affairs of the Borglund Associates, LLC and Tektonica Design, Inc. enterprises through a "pattern of racketeering" within the meaning of 18 U.S.C. §1961(5) and in violation of 18 U.S.C. §1962(c).

145.    As a result of this violation of 18 U.S.C. §1962(c), the CareOne Companies have been injured in its businesses and its property.

## COUNT XX
### (Fraud)

146.    Plaintiffs repeat and reallege paragraphs 1 through 152 above, as though set forth in full herein.

147.    Defendants Burris, Linda Burris, Foy, DeAngelis, Heiler, Bossi, Pulaski, Borglund, Yeager, and Linda Burris Inc., directly and indirectly, engaged in such fraud, as described in detail in the Complaint and Exhibits.

148.     The CareOne Companies have been injured and have sustained damages as a result of Defendants' fraud.

## COUNT XXI
### (Civil Conspiracy)

149.    The CareOne Companies repeat and reallege paragraphs 1 through 158, above, as though set forth in full herein.

150.    Defendants Burris, Linda Burris, Foy, DeAngelis, Heiler, Bossi, Pulaski, Borglund, Yeager, and Linda Burris Inc., directly and indirectly, conspired to, aided, abetted and facilitated the fraud and conversion, as described in detail in the Complaint and Exhibits.

151.    The CareOne Companies have sustained injuries and damages as a result of Defendants' actions.

**WHEREFORE,** the CareOne Companies demand judgment against Defendants:

(a)     awarding plaintiffs' compensatory and punitive damages, plus interest;

(b)     awarding three-fold their damages sustained as a result of defendants' RICO violations;

(c)     awarding their reasonable attorney's fees and costs of suit; and,

(d)     granting such other and further relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiffs demand trial by jury on all issues triable by jury.

Dated:  May 6, 2010                         **GREENBERG TRAURIG, LLP**
                                            200 Park Avenue, P.O. Box 677
                                            Florham Park, New Jersey 07932-0677
                                            (973) 360-7900

                                            BY: *Philip R. Sellinger*
                                                 Philip R. Sellinger, Esq.
                                                 Roger B. Kaplan, Esq.
                                            Attorneys for Plaintiffs